IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REBECCA SKELTON, | |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| SOUTHERN INDUSTRIAL MECHANICAL MAINTENANCE COMPANY, LLC, | Jury Trial Demanded |
| Defendant. | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Rebecca Skelton, through her undersigned counsel, brings this action against Southern Industrial Mechanical Maintenance Company, LLC, and respectfully alleges as follows:

## INTRODUCTION

1. This lawsuit seeks monetary relief and other damages from Defendant for its violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pregnancy Discrimination Act of 1978 ("PDA"), and the Louisiana Employment Discrimination Law ("LEDL"). Defendant discriminated against Plaintiff on the basis of her gender and pregnancy, and also retaliated against her by, *inter alia*, sexually harassing her and ultimately terminating her employment.

## THE PARTIES

2. Plaintiff Rebecca Skelton (hereinafter "Ms. Skelton" or "Plaintiff") is an individual residing in Texas County, Missouri.

3. Defendant Southern Industrial Mechanical Maintenance Company, LLC ("SIMMCO" or "Defendant") is a foreign limited liability company and may be served through

its registered agent for service of process: **CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.**

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper as one or more of the alleged unlawful employment practices occurred in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On or about July 30, 2015, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC has issued a right to sue and all conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

7. In or around November 2014, Ms. Skelton began working for SIMMCO as a Welder.

8. Ms. Skelton was a dedicated and hard-working employee while employed with SIMMCO, but unfortunately she was required to work in a hostile work environment in which she was repeatedly subjected to unwanted touchings, sexual advances, and sexually inappropriate remarks.

9. On a daily basis, Mr. Ronnie Reyes (Pipe Supervisor) engaged in, *inter alia*, the following conduct: (i) touching and rubbing Ms. Skelton's legs and upper thighs in a sexually suggestive manner; (ii) touching and rubbing Ms. Skelton's back and buttocks in a sexually suggestive manner; (iii) requiring Ms. Skelton to come sit beside him as his desk so that he could

touch and rub her legs and upper thighs; and (iv) leering at Ms. Skelton in a sexually suggestive manner and looking her up and down while licking his lips.

10. Mr. Reyes' leering was so prevalent and obvious that one of Ms. Skelton's co-workers told her that Mr. Reyes was "eye-f***ing" her and that Defendant should do something about the situation.

11. Mr. Reyes also often asked Ms. Skelton whether she "wanted some dark chocolate" and instructed her to eat oysters because they would make her "horny."

12. On another occasion, Mr. David Payne (Project Manager) propositioned Plaintiff and asked her if she would have a "one-night stand" with him. Ms. Skelton told Mr. Payne that she would not have a "one-night stand," immediately left the room, and told four other co-workers in the office what Mr. Payne had said to her. SIMMCO did not take any actions to discipline Mr. Reyes or Mr. Payne.

13. In addition, Mr. Danny Fountain (another Pipe Supervisor) engaged in sexual relations with Ms. Skelton (his subordinate employee), which resulted in her becoming pregnant.

14. The very day that SIMMCO learned that Ms. Skelton was pregnant with Mr. Fountain's child, it immediately terminated her employment. After trying to convince Ms. Skelton to resign from her position (which she declined to do), SIMMCO had her escorted off of the jobsite.

15. Furthermore, Mr. Payne falsely stated that Ms. Skelton "voluntarily quit" her position in SIMMCO's termination paperwork.

16. By misrepresenting that Ms. Skelton voluntarily quit, Mr. Payne prevented her from obtaining another position (even with a different company) on the jobsite, effectively "blacklisting" her from any employment further opportunities.

17. Ms. Skelton complained to SIMMCO's Human Resources Director, Ms. Vanessa Carrasco, but regrettably SIMMCO took no actions to address the misconduct or Ms. Skelton's unlawful termination.

18. Although Ms. Carrasco affirmatively advised that she would look into the issues, Ms. Skelton never heard another word from Ms. Carrasco.

19. In or around April 2015, Mr. Fountain – who has done nothing to care for, or assist with, the raising of the child he had with Ms. Skelton – sent Ms. Skelton a number of text messages accusing her of having sexual relations with Mr. Reyes and several other SIMMCO workers.

20. SIMMCO's actions have been willful and in reckless disregard for the rights of Ms. Skelton, causing her to suffer damages.

## FIRST CAUSE OF ACTION
**(Pregnancy Discrimination – Title VII/PDA)**

21. Plaintiff incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth.

22. Defendant intentionally discriminated against Plaintiff on the basis of her pregnancy as heretofore alleged.

23. Plaintiff requests that she be awarded all available relief including, but not limited to, a declaratory judgment that the acts and practices of the Defendant complained of herein are in violations of the laws of the United States, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination complained of herein, reinstatement or front pay in lieu thereof, compensatory and punitive damages, attorney's fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

## SECOND CAUSE OF ACTION
**(Pregnancy Discrimination – LEDL)**

24. Plaintiff incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth.

25. Defendant has intentionally discriminated against Plaintiff on the basis of her pregnancy as heretofore alleged.

26. Plaintiff requests that she be awarded all available relief including, but not limited to, a declaratory judgment that the acts and practices of the Defendant complained of herein are in violations of the laws of Louisiana, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination complained of herein, reinstatement or front pay in lieu thereof, compensatory and punitive damages, attorneys fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

## THIRD CAUSE OF ACTION
**(Discrimination/Harassment – Title VII)**

27. Plaintiff incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth.

28. Defendant has intentionally discriminated against Plaintiff on the basis of her sex.

29. Defendant created, tolerated, and condoned conduct that was severe or pervasive directed towards Plaintiff on account of her sex.

30. Plaintiff requests that she be awarded all available relief including, but not limited to, a declaratory judgment that the acts and practices of the Defendant complained of herein are in violations of the laws of the United States, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination complained of herein,

reinstatement or front pay in lieu thereof, compensatory and punitive damages, attorney's fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

## FOURTH CAUSE OF ACTION
### (Discrimination/Harassment – Louisiana Employment Discrimination Law)

31. Plaintiff incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth.

32. Defendant has intentionally discriminated against Plaintiff on the basis of her sex.

33. Defendant created, tolerated, and condoned conduct that was severe or pervasive directed towards Plaintiff on account of her sex.

34. Plaintiff requests that she be awarded all available relief including, but not limited to, a declaratory judgment that the acts and practices of the Defendant complained of herein are in violations of the laws of Louisiana, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination complained of herein, reinstatement or front pay in lieu thereof, compensatory and punitive damages, attorneys fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

## FIFTH CAUSE OF ACTION
### (Retaliation – Title VII/PDA)

35. Plaintiff incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth.

36. Plaintiff has been retaliated against in response to her participation in proceedings under Title VII as well as to her opposition of Defendant's practices, which violate Title VII.

37. SIMMCO engaged in conduct materially adverse to a reasonable employee, by *inter alia*, (i) refusing to let Plaintiff return to work, (ii) "blackballing" her from the jobsite failing to engage in the interactive process, and (iii) and terminating Plaintiff's employment.

38. Plaintiff requests that that she be awarded all available relief including, but not limited to, a declaratory judgment that the acts and practices of the Defendant complained of herein are in violations of the laws of the United States, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful retaliation complained of herein, reinstatement or front pay in lieu thereof, compensatory and punitive damages, attorneys fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

### SIXTH CAUSE OF ACTION
### (Retaliation – LEDL)

39. Plaintiff incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth.

40. Plaintiff has been retaliated against in response to her participation in proceedings under the LEDL as well as to her opposition of Defendant's practices, which violate the LEDL.

41. Defendant engaged in conduct materially adverse to a reasonable employee and took adverse employment actions against Plaintiff as heretofore alleged.

42. Plaintiff requests that she be awarded all available relief including, but not limited to, a declaratory judgment that the acts and practices of the Defendant complained of herein are in violations of the laws of Louisiana, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful retaliation complained of herein, reinstatement or front pay in lieu thereof, compensatory and punitive damages, attorneys fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

### DEMAND FOR JURY

43. Plaintiff hereby demands a trial by jury for all issues in this case.

**PRAYER FOR RELIEF**

WHEREFORE, having set forth her Complaint, Plaintiff respectfully requests that she be awarded all available relief including, but not limited to, a declaratory judgment that the acts and practices of Defendant complained of herein are in violations of the laws of the United States and Louisiana, injunctive relief, an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination and retaliation complained of herein, reinstatement or front pay in lieu thereof, consequential damages, compensatory and punitive damages, pre-judgment and post-judgment interest, attorneys fees, expenses, and costs, and all other and further relief as to this Court appears necessary and proper.

Dated: January 29, 2015                                   Respectfully Submitted:

**WILLIAMS LITIGATION, L.L.C.**

By:  S/ Christopher L. Williams
Christopher L. Williams
La. Bar Roll No. 32269
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
Telephone: 504.308.1438
Fax: 504.308.1446
chris@williamslitigation.com

*Attorney for Plaintiff*